IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | CRIMINAL ACTION NOS. H-06-287M And H-06-288M |
| EDILBERTO PORTILLO ERNESTO CURENO | § § § | |

## ORDER OF DETENTION PENDING TRIAL

BOTLEY, Magistrate Judge:

The defendants, Edilberto Portillo ("Portillo") and Ernesto Cureno ("Cureno") are charged in separate criminal complaints with conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. On oral motion of the United States, the Court held detentions pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f), and finds from a preponderance of the evidence that Portillo and Cureno are flight risks, and by clear and convincing evidence that Portillo and Cureno are dangers to the community. Thus, the detention of Portillo and Cureno is warranted.

Rebuttable presumptions exists under subsection (e) of the Act that both Portillo and Cureno are dangers to the community and flight risks, after a finding of probable cause that each has committed an offense for which a penalty of ten (10) years or more is prescribed

under the Controlled Substances Act, 21 U.S.C. § 801, *et sequentia*. Neither Cureno nor Portillo rebutted the presumptions of dangerousness to the community or risk of flight. As reasons for detention, the Court finds the following facts.

Both Portillo and Cureno are citizens and nationals of the United Mexican States and are illegally in the United States without legal status to reside in or to be employed in the United States. In a Title III wiretap, Special Agents of the Drug Enforcement Administration (DEA) intercepted a conversation in which Portillo indicated that he intended to flee to the United Mexican States, and that he intended to falsify documents to obtain a visa. The United States Immigration and Customs Enforcement of the Department of Homeland Security has lodged detainers against each for further immigration proceedings.

For these reasons, the Court finds, pursuant to subsection (f)(2)(A), that Portillo and Cureno are flight risks.

The DEA began conducting a multi-jurisdiction drug trafficking investigation in 1999, and in October 2005 , via a Title III wiretap, became aware of the drug trafficking activities of Portillo, who is the head of the Portillo Drug Organization. Portillo owns and operates the Carnival Nite Club in Houston, and is building another nite club in Travis County. Portillo manages approximately twelve musical (12) bands who perform regularly throughout the United States. Four or five debriefed co-conspirators have given the DEA information of their involvement with Portillo in the distribution of cocaine. Each indicated

that before each drug transaction, he or she met with Portillo at the Carnival Nite Club and planned the transaction.

On November 4, 2005, Donald Hartwig, a confederate of Portilllo, and a transporter for his organization, was arrested by a Georgia State Trooper on Interstate 85 in the State of Georgia in possession of 388 kilograms of cocaine. Later, Carlos Gomez Dominguez, alias "Link," while being debriefed by the DEA, advised them that Portillo had admitted that the seized cocaine belonged to him. He indicated that during the conspiracy, he purchased five (5) to eight (8) kilograms of cocaine per week from Portillo, estimating the total quantity of cocaine he purchased to be more than one hundred (100) kilograms for $19,000.00 per kilogram. He further indicated that he used his residence to store eighty (80) to one hundred (100) kilogram shipments of cocaine for Portillo, where the cocaine was repackaged into smaller quantities.

In June 2005, Hartwig was arrested in Tampa, Florida in possession of sixty-four (64) kilograms of cocaine. He is currently in federal custody awaiting trial.

During this investigation, DEA special agents retrieved approximately $420,000.00 in United States currency in a black plastic bag submerged anddin a lake behind Portillo's residence.

Cureno works for Portillo. Cureno admitted to the DEA that he was paid $1,000.00 to rent the vehicle that Hartwig was driving when the 388 kilograms of cocaine was seized by the Georgia State Trooper. While being interrogated by DEA Special Agents, Cureno

provided information and/or outlined a flow chart of the hierarchy of the Portillo Drug Organization, naming Portillo as the head of the organization, and listed other confederates by name, their roles in the criminal enterprise, and other information unknown to the DEA about Portillo's drug trafficking activities.

Finding that Portillo operates a drug trafficking organization that distributes multi-kilogram quantities of cocaine in the United States and that Cureno is his confederate, the Court finds, pursuant to subsection (f)(1)(C), that Portillo and Cureno are dangers to the community. Accordingly, it is

**ORDERED** that Portillo and Cureno shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility, separate, to the extent practicable, from persons serving sentences, or being held in custody pending the outcome of an appeal. They shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States, the person in charge of the correctional facility in which they are confined shall deliver them to the United States Marshal for an appearance in a court proceeding.

The Clerk shall file this Order and direct copies to counsel for the United States and defendant, the United States Marshal, and the United States Pretrial Services Agency.

**SIGNED** at Houston, Texas, this the 5th day of May, 2006.

_____
**CALVIN BOTLEY**
United States Magistrate Judge